**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | Cr. No. C-08-199 |
| | § | |
| JUAN CRUZ MARTINEZ. | § | |

**ORDER DENYING WITHOUT PREJUDICE IN PART
AND GRANTING IN PART LETTER
MOTION FOR TRANSCRIPTS AND DOCUMENTS**

Pending before the Court is Defendant Juan Cruz Martinez's letter motion, received by the Clerk on April 8, 2009.  In it, Defendant requests copies of his trial transcripts and sentencing transcripts, his Presentence Investigation Report, the docket sheet and judgment in this case.  (D.E. 62 at 1.)  He explains that his appellate attorney was supposed to pay for and obtain these documents, but Defendant recently learned that his attorney did not appeal as requested by Defendant.  Defendant claims that he needs the transcripts and documents in order to adequately prepare a motion pursuant to 28 U.S.C. § 2255.

Assuming that Defendant could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances.  See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976).  The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous.  28 U.S.C. § 753(f).

---

[1] Defendant has not submitted an affidavit of indigency, but he did provide a printout of his inmate account, which shows that he had a balance of $798.29 as of March 30, 2009, and that his deposits in the six months preceding that date totaled $2,743.89.  His average daily balance for the same period was $350.45. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Defendant is, in fact, indigent.

1

Martinez was sentenced by this Court on September 8, 2008 and judgment was entered on September 17, 2008. (D.E. 48, 50.) Prior to sentencing (after the jury returned a guilty verdict) Martinez had filed a pro se Notice of Appeal.  The Fifth Circuit dismissed his appeal on December 5, 2008 for want of prosecution.  (D.E. 61.)

Martinez has no pending suit before the Court and has not yet filed a motion pursuant to § 2255.  Accordingly, he fails to meet the statutory requirements for free transcripts.  28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Martinez requests transcripts at government expense, his motion (D.E. 62) is DENIED WITHOUT PREJUDICE.  In the event that he files a § 2255 motion, he may then request again copies of specific documents or transcripts.

The portion of Martinez's letter motion requesting a copy of his docket sheet and a copy of the judgment in his case, however, is GRANTED.  The Clerk is directed to provide Martinez with a copy of the docket sheet in his case and a copy of his judgment, docketed as D.E. 50. Additionally, if Martinez is interested in receiving specific transcripts or other court documents at his own expense, he may contact the Clerk to request them.  To that end, the Clerk shall also provide Martinez with instructions as to how to order transcripts or to purchase copies of records.

Finally, the Court notes that Martinez is not precluded from filing a § 2255 motion merely because he does not have transcripts from his case.  Indeed, § 2255 motions are frequently filed without the benefit of transcripts.

## CONCLUSION

For the foregoing reasons, Martinez's motion is DENIED WITHOUT PREJUDICE IN PART and GRANTED IN PART. The Clerk is directed to mail Martinez a copy of the docket sheet in his case and a copy of his judgment (D.E. 50) with his copy of this Order. The Clerk shall also provide Martinez with instructions as to how to order transcripts or to purchase copies of records.

It is ORDERED this 20th day of April, 2009.

_____
Janis Graham Jack
United States District Judge