## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-08-199 |
| | § | C.A. No. C-09-121 |
| JUAN CRUZ MARTINEZ, | § | |
| | § | |
|     Defendant/Movant. | § | |

### ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

Pending before the Court is Juan Cruz Martinez's ("Martinez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 65.)[1] The United States has filed a response. (D.E. 71.) In it, the United States explains that it asked Martinez's underlying defense counsel, Fabian Guerrero, to provide an affidavit in response to Martinez's allegations, but that Guerrero has never provided a signed affidavit addressing Martinez's claims. (D.E. 71 at 7-8.) The government thus states that it is unable to determine on the basis of the instant record whether counsel abandoned Martinez on appeal, nor can it determine whether Martinez has shown deficiency and prejudice as to this claim. (Id.) It therefore joins in Martinez's request for an evidentiary hearing on Martinez's claim that Guerrero failed to prosecute his appeal. (D.E. 71 at 8 ("the Government respectfully suggests that the Court hold an evidentiary hearing to resolve Martinez's claims and his request for an out-of-time appeal.")

For the reasons set forth below, the Court withholds ruling at this time on the second claim in Martinez's motion. As to his first ground, the Court orders an evidentiary hearing. If, at the

---

[1] Docket entry references are to the criminal case, CR. No. C-08-199.

conclusion of the hearing, the Court denies Martinez's claim regarding counsel's alleged failure to prosecute his appeal, it will subsequently address his remaining claim.

## I. JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 2255.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2008, Martinez was charged in a two-count indictment with possession with intent to distribute approximately 1.99 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("Count One") and possession with intent to distribute approximately 64.09 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) ("Count Two"). He pleaded not guilty and proceeded to trial on July 11 and 12, 2008. On the second and final day of trial, the jury found Martinez guilty of both counts.

Martinez filed a pro se Notice of Appeal shortly thereafter. (D.E. 30.) By and through counsel, Martinez also filed a motion for reconsideration and a motion for new trial. (D.E. 20, 21.) The Court denied both motions. (D.E. 48, 52, 54.) The Court sentenced Martinez on September 8, 2008 to 115 months in the custody of the Bureau of Prisons on each count, to run concurrent, to be followed by five-year terms of supervised release, also to run concurrent, and also imposed a $100 special assessment on each count. (D.E. 48, 50.)

The filing fee for Martinez's appeal was paid (see Docket Entry dated July 31, 2008), but the appeal was dismissed on December 5, 2008, for want of prosecution. (D.E. 61.) Specifically, the Fifth Circuit explained that Martinez had failed to timely file a brief and record excerpts. (D.E. 61 at 1.) This timely § 2255 motion followed. (D.E. 65.)

### III.  MOVANT'S ALLEGATIONS

Martinez's § 2255 motion lists only a single ground for relief, although his supporting memorandum appears to contain a second claim.  In his motion, Martinez claims that his attorney abandoned him on appeal, failing to pursue his appeal by failing to file a brief and record excerpts. (D.E. 65.)  He claims that he was therefore deprived of his appeal and seeks an out-of-time appeal. Most of Martinez's supporting memorandum is devoted to argument in support of this first claim. (D.E. 66 at 1-7.)  Near the end of his memorandum, however, he also claims that it is "exceptionally clear" that the evidence at trial was insufficient to sustain his conviction.  (D.E. 66 at 7.)  Construing his motion liberally, the Court will treat this claim as his second ground for relief.

### IV.  ANALYSIS

In evaluating Martinez's claim that his counsel failed to appeal, the Court is guided by the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000), which held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477.  "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id., at 484.  Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied.  Rodriguez v. United States, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Martinez is entitled to an evidentiary hearing to determine whether or not Guerrero was supposed to represent him on appeal and whether Guerrero abandoned Martinez on appeal.  Currently, the Court does not have any conflicting evidence before it on this point, since Guerrero has not provided an affidavit.

3

Additionally, the United States has joined in the request for an evidentiary hearing. (D.E. 71 at 7.) Thus, the Court will hold a hearing to assess the credibility of the parties on this issue only. See RULES GOVERNING SECTION 2255 PROCEEDINGS 8.

As to the other ground for relief raised by Martinez, it is unnecessary for the Court to address it at this time. If the Court rules in Martinez's favor on his failure to appeal claim, he will be entitled to an out-of-time direct appeal. United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel was denied ineffective assistance of appellate counsel, judicial remedy is to grant out-of-time appeal). If that occurs, it will be unnecessary to address Martinez's remaining claim. See Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).

On the other hand, if at the conclusion of the hearing, the Court denies Martinez's ineffective assistance claim concerning his appeal, it will then address Martinez's remaining ground for relief.

## V.  CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on the limited issue of whether Martinez was denied effective assistance of counsel due to his counsel's alleged failure to pursue an appeal. **The evidentiary hearing is set for 10:00 a.m. on Thursday, October 1, 2009.**

Martinez is entitled to be represented by counsel at the hearing. See Rules Governing Section 2255 Proceedings 8(c). Accordingly, the Office of the Federal Public Defender is hereby

4

appointed to represent Martinez.  The Clerk is directed to send a copy of this Order to the Office of the Federal Public Defender, as well as directly to Martinez and to counsel for the United States.

It is so ORDERED this 6th day of August, 2009.

_____
Janis Graham Jack
United States District Judge